A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0000 7977 74

CONSOL OF KENTUCKY INC.
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

| | | | |
|---|---|---|---|
| **Control Number:** 73531 | | **Agent:** C. T. Corporation System | |
| **Defendant:** CONSOL OF KENTUCKY INC.<br>5400 D Big Tyler Road<br>CHARLESTON, WV 25313 US | | **County:** Mingo | |
| | | **Civil Action:** 15-C-200 | |
| | | **Certified Number:** 92148901125134100000797774 | |
| | | **Service Date:** 9/14/2015 | |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

Natalie E. Tennant
Secretary of State

**EXHIBIT A**

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

CHARLES and DONNA BRANHAM........................ Civil Action No. 15-C - 200

NICKIE BRANHAM........................................ Civil Action No. 15-C - _____

Plaintiffs,

v.                                                                    Honorable _Thompson_

CONSOL OF KENTUCKY INC.,
a Delaware corporation, and
JOHN DOE, an unknown individual,

Defendants.

COMPLAINT

Plaintiffs complain and say as follows:

1.      Plaintiffs are and/or were the owners and/or residents and/or occupants of

properties and/or homes in or near Williamson, Mingo County, West Virginia, in or near the Tug

Fork District of Mingo County, West Virginia located on Dans Branch Road, Mingo County,

West Virginia and in the vicinity of creeks and streams that flow through, near, or along their

property, business, homes and/or residences.

2.      Plaintiff Nikki Branham resides HC70, Box 359, Lenore West Virginia 25676.

3.      Plaintiff Donna Branham resides at 44 Ash Camp Bridge, Lenore West Virginia

25676.

4.      Defendant, Consol of Kentucky, Inc., ("Consol") is a Delaware corporation,

organized and existing under the laws of the State of Delaware, and which at all times relevant

hereto, operated a strip mine in Mingo County, West Virginia in close proximity to Plaintiffs'

property, business, homes and/or residences.  Defendant John Doe is an unknown individual

and/or company.

5.     Consol applied for permits to the State of West Virginia, to operate a surface mine near Plaintiffs' properties. Defendant Consol had a duty to assure compliance with all State of West Virginia surface mining laws, rules and regulations, to not violate West Virginia common law, and to not violate Plaintiffs' constitutional guarantees of the use and enjoyment of their property, homes, business, and/or residences including not causing blasting damage to their property, homes, business, and/or residences, and to not change the course of the natural flow of water such that the same flows onto Plaintiffs' properties, thereby creating a trespass, creating and causing a nuisance, and/or causing damages to Plaintiffs' property, homes, business, and/or residences.

6.     Consol and John Doe negligently, carelessly and unlawfully set off excessive explosives, trespassed or contributed to trespass on property of the plaintiff owners, caused water runoff onto plaintiffs' properties, damaged creeks and tributaries in, on or near plaintiffs' properties, in the case pertaining specifically to Donna Branham, her well water was contaminated as a result of Defendant's mining activities, Defendant further created unnecessary loud and obnoxious noises and vibrations, caused cracks in homes, buildings and improvements on Plaintiffs' properties, and, all for the purpose of mining coal on the aforesaid coal mine.

7.     As a result of Consol's unlawful conduct, as set forth above, Plaintiffs' have incurred damage to their real and personal property

8.     Consol and John Doe's actions with respect to interrupting the watershed, has adversely impacted and infringed upon, and is reasonably expected to continue to cause flooding and damage of their homes.

9.     Defendants' actions amount to interference with these natural water courses that have and continue to proximately cause injury to the Plaintiffs, for which Consol is liable.

2

10.    Defendants' actions in violating the public policy of the State of West Virginia have caused and continue to proximately cause injury to the Plaintiffs, for which Consol and John Doe is liable.

11.    As a proximate result of the aforesaid, Plaintiffs' properties, homes and/or businesses were physically damaged, and Plaintiffs have suffered annoyance and inconvenience, emotional distress, Plaintiffs' properties, homes and/or businesses have lost fair market value, and Plaintiffs have otherwise been damaged, as allowed by West Virginia law.

12.    The acts and conduct of Consol and John Doe will cause Plaintiffs irreparable harm if Consol and John Doe are not enjoined from continuing to cause Plaintiffs damages, as aforesaid, and Plaintiffs have no adequate remedy at law.

13.    The aforesaid acts, conduct and omissions were reckless and represent a reckless disregard for the safety, welfare and health of Plaintiffs, their property, and the public. Therefore, plaintiffs are entitled to punitive damages.

14.    As a proximate result of the negligent, careless, wrongful and/or unlawful acts and omissions of Consol and John Doe, acting in the manner described above, Plaintiffs incurred or reasonably will incur in the future the following damages:

    (a)    They lost fair market value to their home;

    (b)    Their home was damaged;

    (c)    They lost the use and enjoyment of their home, their property, including personal, and community;

    (d)    Annoyance and inconvenience;

    (e)    Emotional distress;

    (f)    Cost and expenses in attempting to protect their home; and

3

(g)　Donna Branham's well water was contaminated

(h)　Personal injuries to Donna Branham for being exposed to the contaminated well water.

(i)　Fear of future physical consequences to Donna Branham from exposure to well water

(j)　Other injury and damages; and

(h)　Punitive Damages.

<u>Count I</u>

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

15.　Defendants, including but not limited to John Doe, through the acts and/or omissions of its agents and/or employees have violated in the past, and continue to violate, portions of West Virginia's Surface Coal Mining and Reclamation Act ("WVSCMRA") and its implementing regulations, including, but not limited to, W. Va. Code § 22-3-14(b)(1), (7), (9) and (11), W. Va. Code § 22-3-22(d)(4), W. Va. Code § 22-3-24(b), and W. Va. C.S.R. § 38-2-16, in that they have conducted mining activities in such a fashion as to (a) fail to adopt measures to prevent subsidence causing material damage; fail to maximize mine stability; (b) fail to maintain the value and reasonably foreseeable use of overlaying surface lands; (c) fail to protect off-mine areas from damages from mining operations; (d) fail to minimize the disturbance of the prevailing hydrologic balance at the mine site; (e) cause subsidence and surface damage to the property and/or residences of the plaintiffs; (f) cause damage to the off-site areas; (g) commit violations of mine permits; (h) conduct surface mining operations, as defined by WVSCMRA, within three hundred feet of occupied dwellings, public buildings, and churches;

4

16.     The defendants' violations of the WVSCMRA and implementing regulations and the acts and failures to act as asserted in the preceding paragraphs are violations of a public safety statute and thereby amount to prima facie negligence on the part of the defendants.

17.     As a proximate result of defendants' acts, the plaintiffs have, and continue to suffer, injury and damage as a result of defendants' acts and conduct and prima facie negligence as alleged above.

WHEREFORE, plaintiffs demand judgment against defendants and each of them, jointly and severally, for compensatory damages, including interest, both prejudgment and post judgment, and punitive damages; injunctive relief; a trial by jury; the costs and disbursements of this case and for such other further and general relief as the Court deems just and proper.

### Count II

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

18.     Consol and John Doe's acts and omissions described above were negligent, careless, wrongful and/or unlawful.

19.     As a proximate result of the negligent, careless, reckless and/or unlawful acts and omissions, your plaintiffs were injured and/or damaged, including as described above.

20.     Defendants, including but not limited to John Doe, continuing to act in the manner and method described will result in irreparable harm to plaintiffs and their property and plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs demand judgment of and from defendants, both jointly and severally, for compensatory damage and punitive damages, the costs and disbursements of this

5

action, a trial by jury, and for such other, further and general relief as the Court deems just and proper.

Count III

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

21. The acts and conduct alleged against Consol and John Doe above amount to a nuisance as the plaintiffs' residences and properties were subjected to exposure to noise, vibrations, dirt, chemicals, and other matter which interfered with and caused plaintiffs' damages and injuries as described above. As a result, Plaintiffs suffered a substantial and unreasonable interference with the private use and enjoyment of their land; Defendants' conduct was intentional and unreasonable, negligent and reckless.

22. As a proximate result of Consol and John Doe's negligent, careless, wrongful, reckless and unlawful acts and omissions, plaintiffs were damaged as described above.

23. The plaintiffs will incur irreparable harm if defendants are not enjoined from continuing to cause the aforesaid nuisance on and around plaintiffs' properties, homes and community.

WHEREFORE, plaintiffs demand judgment of and from defendants, both jointly and severally, for compensatory damage and punitive damages, the costs and disbursements of this action, a trial by jury, and for such other, further and general relief as the Court deems just and proper.

Count IV

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

6

24. Consol's and John Doe's actions as aforesaid, trespassed or caused trespass onto, under or over plaintiffs' properties by causing dirt, vibrations, rocks, contaminated well water and or other matter to be deposited.

25. As a proximate result of the aforesaid trespass, plaintiffs were damaged as aforesaid in their person, property and community.

26. The plaintiffs will suffer irreparable harm if defendants are not enjoined from continuing to trespass on plaintiffs' property.

WHEREFORE, plaintiffs demand judgment of and from defendants, both jointly and severally, for compensatory damage and punitive damages, the costs and disbursements of this action, a trial by jury, and for such other, further and general relief as the Court deems just and proper.

## Count V

Plaintiffs incorporate all allegations above the same as if fully restated and re-alleged and plaintiffs further allege as follows:

27. Consol and John Doe acting as aforesaid, caused personal injuries to Donna Branham through her well water. Nickie Branham gets her water from a water utility company and therefore s not claiming damages from exposure to well water.

28. As a proximate result of the negligence of Consol and John Doe, your plaintiff Donna Branham's well water was damaged making it unsafe and/or undrinkable or unusable by humans, have become ill and, as a result of the exposure to the water, plaintiff owners' homes have lost fair market value and Donna Branham has otherwise been damaged.

29. Upon information and belief, Consol and John Doe has mined in and around Donna Branham for several years causing her well water supply to deteriorate. Defendant has

7

destabilized various strata overlaying the aquifers and has contaminated aquifers, which supply water to the wells from which Donna Branham has is drawing water.

30.    Consol and John Doe's negligence caused contamination of Donna Branham's water supplies. And as a result, makes reasonably necessary the need for Donna Branham to undergo periodic medical monitoring to screen for the health threats these carcinogens present.

31.    As a result of Consol and John Doe's negligence, replacement water supply must be provided to Donna Branham.

<u>JURY DEMAND</u>

Plaintiffs demand a trial by jury upon all issues triable by a jury raised herein.

CHARLES and DONNA BRANHAM; and

NIKKI BRANHAM;

By Counsel

Marvin W. Masters
West Virginia Bar No. 2359
Roger A. Decanio
West Virginia Bar No. 8176
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106
Counsel for Plaintiffs
F:\5\977\p001.docx

8